IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARBARA L. ABELL | : | |
| | : | |
| v. | : | Civil No. CCB-11-2425 |
| | : | |
| BVF SKYLARK, LIMITED PARTNERSHIP, D/B/A, SKYLARK POINTE, ET AL. | : | |

## MEMORANDUM

After slipping and falling in the parking lot of her apartment complex, plaintiff Barbara Abell has filed suit for negligence against the owner and manager of the complex, BVF Waltham Limited Partnership ("BVF Waltham"); two related companies, BVF Skylark, LLC and BVF Skylark Limited Partnership; and the company contracted to clear snow and ice at the complex, Sun Ventures, Inc. ("Sun Ventures"). Defendants BVF Waltham, BVF Skylark, LLC, and BVF Skylark Limited Partnership have moved for summary judgment, Ms. Abell has filed a brief in opposition, and defendants have filed a reply. No oral argument is necessary. *See* Local Rule 105.6. For the following reasons, defendants' motion will be denied as to BVF Waltham and granted as to BVF Skylark, LLC and BVF Skylark Limited Partnership.

During the relevant events, Ms. Abell was a tenant at the apartment complex at 6 Revere Court, in Parkville, Maryland. The complex is owned and maintained by BVF Waltham. Defendant Sun Ventures was contracted by Berkshire Property Advisors, LLC ("Berkshire"), a parent company of BVF Waltham and BVF Skylark, LLC, to provide snow removal on an "as-

1

needed" basis at the Revere Park Apartments. (Curtis Aff., ECF No. 18-1.)

Viewing the facts in the light most favorable to Ms. Abell,[1] the following circumstances led to her injury. On December 22, 2009, after noticing that the parking lot and sidewalks adjacent to the complex "were very icy," Ms. Abell called the apartment office and requested that management, "for precaution . . . put a little salt down." (Abell Dep. 65, ECF No. 21-4.) During the following two days, the temperature remained below freezing during the morning and evening hours in which Ms. Abell traversed the parking lot. In her motion for summary judgment, Ms. Abell describes what then happened on December 24, 2009, the day of the accident:

> On December 24, 2009, Plaintiff noticed that there was still no salt on the sidewalks or the parking lot as she left for work in the morning. On the evening of December 24, 2009 Plaintiff left her apartment at approximately 11:40 p.m. intending to attend Midnight Mass with her sister. Before reaching her vehicle, however, Plaintiff made her way towards the dumpster to throw away a small bag of garbage. . . . After taking two steps on the parking lot, however, Plaintiff slipped and fell on an ice patch.

(Pl.'s Opp. to Def.'s Mot. Summ. J. 5–6, ECF No. 21 (citations omitted).) As a result of the fall, Ms. Abell fractured her right elbow. (*Id.* at 6.)

There is no evidence that there had been any precipitation on the day of the accident, and Ms. Abell had not observed snow or ice on the complex premises at any time that day. (Def.'s Mot. Summ. J. 2–3, ECF No. 18.) According to Ms. Abell's deposition testimony, when she stepped down onto the parking surface prior to the accident, she "did not look down" and she

---

[1] Federal Rule of Civil Procedure 56(c) provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion,'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alteration in original) (quoting *United States v. Diebold*, 369 U.S. 654, 655 (1962)), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993) (internal quotation marks omitted).

"was looking toward the dumpster at the time of her fall." (*Id.*) Ms. Abell "does not recall seeing any ice on the surface of the parking lot as she lay on the ground," and after her fall "she continued to walk across the parking lot to her car without difficulty . . . ." (*Id.*) Ms. Abell did, however, describe that subsequent to the fall, "her right leg was wet from the knee down to her foot," (*Id.*), a fact that led her to believe that she had slipped on ice.

The parties agree that to prevail on her negligence claim as a business invitee, Ms. Abell must provide evidence from which a reasonable jury conclude that (1) "a dangerous condition existed," (2) that the owner "had actual or constructive knowledge of it," and (3) "that the knowledge was gained in sufficient time to give the owner the opportunity to remove it or warn the invitee." *Maans v. Giant of Maryland, L.L.C.*, 871 A.2d 627, 632 (Md. App. 2005) (quoting *Rehn v. Westfield Am.*, 837 A.2d 981, 984 (Md. App. 2003)).

Defendants move for summary judgment on three grounds. First, defendants argue that there is no evidence that a dangerous condition existed on the night of the accident. Second, they argue that there is no evidence that defendants were negligent with regard to the condition of the parking lot. And third, they argue that Ms. Abell was contributorily negligent by failing to watch where she was walking at the time she fell. Under Maryland law, "a plaintiff who fails to observe ordinary care for his own safety is contributorily negligent and is barred from all recovery, regardless of the quantum of a defendant's primary negligence." *Harrison v. Montgomery Cnty. Bd. of Educ.*, 456 A.2d 894, 898 (Md. 1983).[2]

Defendants argue that Ms. Abell does not provide sufficient evidence to conclude the

---

[2] In addition, BVF Skylark Limited Partnership and BVF Skylark, LLC move for summary judgment on the basis that the two entities were incorrectly named and that neither of them "owned, controlled or maintained the premises where Abell fell." (Def.'s Mot. Summ. J. 3, ECF No. 18.) Ms. Abell does not dispute this in her opposition brief, so the court will grant the motion for summary judgment as to these two defendants.

parking lot was in fact icy on the night of her fall.  In particular, defendants note that there had been no precipitation on the day of the accident, that Ms. Abell had not seen any ice or snow on the ground earlier in the day, and that she did not recall seeing any ice after falling.  Ms. Abell argues that her December 22, 2009, call to management shows a dangerous condition just two days before the accident, and she notes that the temperature remained below freezing for at least part of the two days between the call and the accident.  A reasonable jury could find that an icy condition might persist for two days under these circumstances.  And a reasonable jury could also infer that Ms. Abell slipped on ice from her testimony that her leg was wet after her fall.  While certainly not overwhelming, the evidence Ms. Abell has provided is sufficient to raise a genuine issue of material fact as to whether a dangerous condition existed at the time of her fall.

Defendants also argue that sufficient evidence does not exist to show that they were negligent.  To support this argument, they contend that they had no notice on the night of the accident that the dangerous condition persisted, and they point out that under Maryland law a property owner has no duty "to conduct a continuous inspection tour" of their property.  *Carter v. Shoppers Food Warehouse MD Corp.*, 727 A.2d 958, 966 (Md. App. 1999) (quoting *Moulden v. Greenbelt Consumer Services, Inc.*, 210 A.2d 724, 726 (Md. 1965)).  Defendants do not contest, however, that they had notice of icy conditions two days prior to the accident.  They have not alleged or provided any evidence to show that they took any action in response to Ms. Abell's initial call.  As noted above, given the freezing temperatures, a reasonable jury could conclude that defendants had constructive knowledge of a continued dangerous condition.  *See, e.g., Gast, Inc. v. Kitchner*, 234 A.2d 127, 131–32 (Md. 1967) (denying summary judgment where a jury could find that defendant "should have reasonably anticipated the formation of ice

4

on the pathway" as a result of a previous condition).

Finally, defendants argue that Ms. Abell was contributorily negligent as a matter of law and therefore barred from any recovery. Defendants rely on *Mershon v. Gino's, Inc.*, 276 A.2d 191, 192 (Md. 1971), where the Maryland Court of Appeals upheld a finding of contributory negligence in a case where the plaintiff had tripped over a yellow parking lot bumper. The *Mershon* court cited the proposition that "[t]o walk blindly or unlooking in a strange environment, when there is no need to do so, is to be negligent as a matter of law." *Id.* at 193 (quoting *Tyler v. Martin's Dairy, Inc.*, 175 A.2d 587, 588 (Md. 1961)). Defendants highlight Ms. Abell's deposition testimony in which she states that she was looking at the dumpster—and not down—as she slipped. In addition, defendants argue that she was contributorily negligent because "instead of walking directly across the parking lot to her car as she had earlier in the day, she detoured and walked a new path toward the dumpster." (Def.'s Mot. Summ. J. 9.)

Ms. Abell counters that the facts in her case are distinguishable. Here, Ms. Abell was not in an unfamiliar place and she argues that the ice that allegedly caused her injury was "virtually invisible." (Pl.'s Opp. to Def.'s Mot. Summ. J. 14.) Thus, it is at least possible that a "careful person would not ordinarily look down at the pavement under such circumstances." *Menish v. Polinger*, 356 A.2d 233, 241 (Md. 1976) (internal quotation marks and citation omitted). Accordingly, while defendants' arguments may form the basis of a successful argument for contributory negligence before a jury, they have failed to establish contributory negligence as a matter of law. *Cf. Thomas v. Panco Mgmt. of Maryland, LLC*, 31 A.3d 583, 586, 603 (Md. 2011) (holding trial court was correct to deny summary judgment on the basis of contributory negligence where plaintiff claimed to slip and fall on "black ice" on the premises of an apartment

complex where she knew conditions could be icy). Whether Ms. Abell should have looked down or should not have risked walking to the dumpster in the first place are questions for the jury.

In sum, genuine disputes of material fact exist as to whether the parking lot remained icy on December 24, 2009, and as to whether under the circumstances Ms. Abell should have been looking at the pavement as she walked toward the dumpster. Thus, while summary judgment will be granted as to BVF Skylark, LLC and BVF Skylark Limited Partnership, summary judgment is not appropriate as to the claim for negligence against BVF Waltham.

A separate order follows.


   July 5, 2012                                        /s/
Date                                            Catherine C. Blake
                                                 United States District Judge